Andre L. Verdun (SBN 265436)
C/O 401 West "A" Street, Ste. 1100
San Diego, CA 92101
Tel. (323) 975-3006
Fax. (866) 786-6993
Andre@VerdunLaw.com

Attorneys for Plaintiff
Eduardo Gonzalez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDUARDO GONZALEZ,** an individual,<br>    Plaintiff,<br>  vs.<br>**LAW OFFICES OF ALLEN ROBERT KING,** and **ALLEN ROBERT KING**, and **SALVADOR CORTEZ** and **WRIGHT PROPERTY MANAGEMENT, INC.** and **DOES 1-10**,<br>    Defendant. | Case No.: 2:16-cv-02231-SJO-KS<br><br>**THIRD AMENDED COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff, Eduardo Gonzalez, upon written consent of Wright Property Management, Inc. [Exhibit 1], files this Third Amended Complaint, solely to add Wright Property Management to the second cause of action, which advertently omitted them in the Second Amended Complaint, and with that correction, alleges the following:

   1. Defendants, debt collectors, made false and deceptive statements to Plaintiff in order to keep him from answering an unlawful detainer complaint. Defendants told Plaintiff that they would not pursue the unlawful detainer, and that they would agree to an out of court settlement, and

Plaintiff relied on those promises to his detriment. Defendants told Plaintiff to wait for a written agreement which they would send to his lawyer.

2. Defendants then obtained a judgment against Plaintiff and evicted Plaintiff.

3. Before taking default judgment, Plaintiff notified Defendant that Plaintiff was not properly served. Taking default against a consumer in a lawsuit for a consumer debt,

4. According to 15 U.S.C. §1692:

   (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.**

   (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   (c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   (d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   (e) It is the purpose of the title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## PARTIES

5. Eduardo Gonzalez ("Plaintiff") is, and at all times herein mentioned was, a natural person residing in the County of Los Angeles. He is a consumer as that is defined by 15 U.S.C. 1692a and Civil Code 1788.2.

6. LAW OFFICES OF ALLEN ROBERT KING (LOAK) is a professional law corporation which lawfully conducts business in the State of California.

///

7. ALLEN ROBERT KING (KING) is a debt collector as defined by the federal Fair Debt Collection Practices Act and is personally liable for his actions herein.

8. It is alleged on information and belief that SALVADOR CORTEZ (CORTEZ) is the owner of the property rented from the Plaintiff. It is further alleged on information and belief that he resides in the County of Los Angeles.

9. It is alleged on information and belief that Wright Property Management, Inc. (WRIGHT) is a property management company that was hired as the agent of Mr. CORTEZ. If is further alleged that WRIGHT hired Defendants LOAK and KING, jointly, to bring the unlawful detainer matter at issue in this case.

10. At all times herein mentioned, unless otherwise stated, the term "defendant" or "defendants" refers to CORTEZ, WRIGHT, LOAK and KING, jointly.

11. Defendant's principal purpose is the collection of debts, and regularly engages in the collection of debts through the mail, telephone and filing lawsuits throughout the State of California. Defendants are "debt collectors" as that is defined by 15 U.S.C. 1692a and Civil Code 1788.2.

12. Defendant and defendants refer to all defendants, name and unnamed, as plaintiff alleges each are jointly and severally liable for the conduct alleged herein.

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-10 inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend the complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and therefore alleges,

that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged. Plaintiff will amend the complaint if the true names become discovered.

## JURISDICTION

14. Jurisdiction of the court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

15. The action arises out of the defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") along with supplemental state claims.

16. Since defendants do business within California, there is personal jurisdiction.

## VENUE

17. Venue is proper pursuant to 28 U.S.C. § 1391.

18. At all times relevant, the defendants conducted business within the State of California.

## FACTUAL ALLEGATIONS

19. Plaintiff was residing at a house in East Los Angeles with his family. Because he lost his job, he temporally became behind on his rent.

20. Plaintiff was served with an eviction notice by Defendants. Shortly thereafter, Plaintiff obtained a new job.

21. Plaintiff hired counsel. Plaintiff's counsel spoke with KING and asked KING if Plaintiff was able to pay the current rent, and all the past due rent within 30 days, if his family could remain in the residence. In the alternative, KING and Plaintiff's counsel discussed the possibility, at KING's suggestion, of letting Plaintiff have until an agreed date to vacate the residence, and use the money to get a new place to live, so that the Landlord

did not have to deal with a holdover tendency. KING said he would speak to his client and call Plaintiff's counsel.

22. KING never contacted Plaintiff's counsel, so Plaintiff and his attorney, both on the phone, contacted LOAK and spoke with his paralegal. She stated that the landlord did not want to keep Plaintiff as a tenant. Plaintiff was advised, however, that if he vacated the residence by an agreed date, the landlord would dismiss the unlawful detainer action and not seek damages from Plaintiff.

23. Plaintiff agreed to immediately begin moving, and LOAK stated that it would send a stipulation to Plaintiff's counsel in the following days for review. Plaintiff and his attorney waited for the stipulation.

24. Several days later, Plaintiff was served with a default judgment.

25. Plaintiff and his attorney called LOAK again, and spoke with the same paralegal. She looked at the file and admitted that a default judgment should not have been taken but couldn't provide an answer as to why it happened. Plaintiff's counsel demanded a call back from KING.

26. KING never returned called Plaintiff or Plaintiff's attorney.

27. Plaintiff vacated the residence as promised, and in fact, lost his new job since he had to take days off work to get his property out. The reason why Plaintiff forfeited his job to move was to avoid an unlawful detainer judgment. The judgment is now in place.

28. Plaintiff suffered actual damages, including but not limited to: loss of job, loss of sleep, loss of appetite, marital strife, depression, anxiety, stomach pains and head aches and negative credit reporting. Plaintiff used over the counter drugs to treat these symptoms.

29. The Ninth Circuit decision on his legal issue states that creditors are vicariously liable for the collection activities of attorneys working on its

behalf. See *Fox v. Citicorp*, 15 F.3d 1507, 1516 (9th Cir. 1994). Since then, this Ninth Circuit holding has become clearly established law.

30. As such, CORTEZ and WRIGHT at jointly and severely liable for the actions of LOAK and KING.

## FIRST CAUSE OF ACTION – FDCPA

*(As Against All Defendants)*

31. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

32. Defendants' acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the FDCPA, 15 U.S.C. §1692 et seq., including but not limited to the violations: § 1692e, 1692e(5), and 1692e(10), amongst others.

33. As a result of Defendants' violations, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k et seq.

## SECOND CAUSE OF ACTION – ROSENTHAL FDCPA

(*As Against Law Offices of Allen Robert King, Wright Property Management, Inc. and Salvador Cortez*)

34. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

35. The foregoing acts and omissions by these Defendants with respect to Plaintiff in their attempts to collect a consumer debt from Plaintiff constitute numerous and multiple unfair, deceptive, misleading practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§ 1788-1788.32, including §§ 1788.15, and 1788.17 (§ 1692e, 1692e(5), and 1692e(10)).

/ / /

36. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A. Statutory and actual damages pursuant to 15 U.S.C. § 1692k

    B. Statutory and actual damages pursuant to California Civil Code § 1788.17 and 1788.30.

    C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, California Civil Code § 1788.17 and Civil Code § 1788.30.

    D. For such other and further relief as may just and proper.

Dated: **May 15, 2017**

          /s/ Andre L. Verdun
          Andre L. Verdun
          Attorney for Plaintiff,
          Eduardo Gonzalez

## **DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, Eduardo Gonzalez, by and through his attorney, Andre L. Verdun, and hereby demands a trial by jury in the above-captioned matter.

Dated: **May 15, 2017**

          /s/ Andre L. Verdun
          Andre L. Verdun
          Attorney for Plaintiff,
          Eduardo Gonzalez

# EXHIBIT 1

Andre L. Verdun (SBN 265436)
401 West "A" Street, Ste. 1100
San Diego, CA 92101
Tel. (619) 880-0110

Attorneys for Plaintiff, Eduardo Gonzalez

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**EDUARDO GONZALEZ,** an individual,
   Plaintiff,
 vs.

**LAW OFFICES OF ALLEN ROBERT KING,** et al,

   Defendant.

Case No.: 2:16-cv-02231-SJO-KS

**STIPULATION**

**THE PARTIES HEREBY STIPULATE THAT** Plaintiff Eduardo Gonzalez can file a Third Amended Complaint, only to add Wright Property Management to the Second Cause of Action.

**IT IS SO STIPULATED.**

Dated: **May 15, 2017**
          ___s/ Andre L Verdun_____ _
          Andre Verdun, Attorney for Plaintiff
          ___s/ Thomas A. Scutti_____
          Thomas A. Scutti,
          Attorney for Defendant